TO BE PUBLISHED

# Supreme Court of Kentucky

## 2005-SC-0902-KB

KENTUCKY BAR ASSOCIATION,
CLE COMMISSION                                                              MOVANT

V.                                      IN SUPREME COURT

GREGORY SCOTT STAPLES                                              RESPONDENT

## OPINION AND ORDER

On November 3, 2005, this Court issued an Order directing Respondent, Gregory Scott Staples of Versailles, Kentucky, to show cause why he should not be suspended from the practice of law pursuant to SCR 3.669(3) for failure to comply with SCR 3.661 Continuing Legal Education (CLE) requirements for the 2004-2005 educational year. Respondent is deficient 11.75 total credits, including 1.25 ethics credits from the CLE requirements of SCR 3.661.

In response to the Order, Respondent stated his intention to attend a program in December 2005 that would award sufficient CLE credits to correct his past non-compliance. He offers no mitigating circumstances or explanation for his deliquency.

In reply, the Kentucky Bar Association CLE Commission stated its belief that Respondent has not shown adequate cause why he should not be suspended. In support of its belief, the KBA cites Respondent's disregard of numerous

communications concerning his CLE deficiency, including five written notices and a telephone call between May and September 2005. In September 2005, Respondent submitted a corrected Annual Statement, which reported credits from the Kentucky Law Update 2004. Respondent indicated that he attended the program in both Lexington and Louisville, and requested that these credits be applied to the 2004-2005 educational year requirement. However, upon review of the CLE records, the KBA discovered that Respondent had not registered or pre-registered for either the Lexington or Louisville Kentucky Law Update 2004. Shortly thereafter, a KBA representative wrote to Respondent to advise him that there was no record of his attendance at these CLE programs, and requested additional verification. This letter was returned as undeliverable.

Nonetheless, on October 17, 2005, Respondent called and spoke with the Assistant Director of the CLE Commission regarding his CLE status. He indicated that he had lost all records of his attendance at the Kentucky Law Update 2004 during a move and divorce in 2004. Respondent was advised that he could provide additional verification in the form of an affidavit from someone who saw him at the program. Respondent indicated his intent to obtain such verification. Finally, Respondent was advised to obtain enough CLE credits before he filed his response to this Court's Order, so that such credits could be applied retroactively to fulfill his deficiency. Since this conversation, Respondent has failed to provide additional evidence that he attended the Kentucky Law Update 2004, or to certify any additional, new credits.

We find that Respondent has failed to show sufficient cause why he should not be suspended from the practice of law. Accordingly, it is hereby ORDERED as follows:

(1)    Respondent is suspended from the practice of law as defined by SCR 3.020 pursuant to SCR 3.669(4) until such time as this Court enters an order restoring his membership to the Kentucky Bar Association;

(2)    Respondent shall not file an application for restoration until such time as any CLE deficiency of record and existing requirements are met as set forth in SCR 3.675;

(3)    Pursuant to SCR 3.390 it is hereby ordered that Respondent, within ten (10) days of the date of entry of this order, provide notice to any clients he is currently representing of his inability to provide further legal services, and to notify all courts of his inability to represent them, and of the necessity and urgency to promptly retain new counsel. Such notification shall be by letter duly and timely placed in the United States mail, and Respondent shall simultaneously and in the same manner provide a copy of all such letters to the director of the Kentucky Bar Association.

All concur.

Entered: February 23, 2006.

_____
CHIEF JUSTICE

- 3 -